IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-329-WYD-CBS

CACHE LA POUDRE FEEDS, LLC, a Colorado limited liability company,

    Plaintiff,

v.

LAND O' LAKES, INC, a Minnesota corporation;
LAND O' LAKES FARMLAND FEED, LLC, a Minnesota limited liability company;
AMERICAN PRIDE CO-OP, a Colorado cooperative corporation;
POUDRE VALLEY COOPERATIVE ASSOCIATION, INC., a Colorado cooperative corporation;
FRANK BEZDICEK, individually, and in his official capacity as Director of Marketing, Land O' Lakes, Inc.;
ROBERT DEGREGORIO, individually, and in his official capacity as President, Land O' Lakes Farmland Feed, LLC; and
As yet unidentified entities and individuals participating in concert with the aforenamed defendants,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Defendants' Motion in Limine to Exclude Expert Testimony of A. Carr Conway [Docket #335], filed April 20, 2007.  Through their Motion, Defendants seek to exclude the expert testimony of A. Carr Conway.  Plaintiff argues that the testimony of A. Carr Conway is relevant to its claims for relief and his opinions will assist the jury in their understanding of the case.  I find that Defendants' Motion in Limine has merit and I GRANT the motion.

Mr. Conway's description of the items he reviewed, as well as his opinions are outlined in his report.  (Def.'s Mot. Ex. 1).  After reviewing A. Carr Conway's report, I

find that A. Carr Conway is expected to offer expert opinions at trial as to whether Defendant Land O' Lakes satisfied disclosure requirements in their filings with the Securities and Exchange Commission.  Pursuant to Federal Rule of Evidence 702, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

By Order issued on September 10, 2004, I dismissed Plaintiff's claim for "Fraud by SEC Statement."  I found that this claim was unsupported by the alleged facts and the existing law.  Because I dismissed Plaintiff's "Fraud by SEC Statement" claim, A. Carr Conway's testimony is no longer relevant to any fact at issue in Plaintiff's remaining claims for relief.  Consequently, A. Carr Conway's opinions would not assist the jury in their understanding of this case.  Further, I note that Defendants have withdrawn all of their counterclaims including their claim for defamation.  Thus, the testimony of Mr. Conway is not necessary to rebut a counterclaim that is no longer in the case.

Plaintiff argues that A. Carr Conway's testimony is relevant to their claim of willful infringement.  I disagree.  Plaintiff attempts to expand the definition of Willful Trademark Infringement to include any and all willful misconduct.  Willful is defined by the 10th circuit in *Western Diversified Services, Inc. v. Hyundai Motor America, Inc.*, 427 F.3d 1269 (2005 10th Cir.).  In that case, the court describes various situations

which could constitute willful infringement: "For example, if the defendant deceives the plaintiff into thinking he has ceased infringing the trademark when in fact the illegal action continues . . . Similarly, misrepresentation to the courts might constitute willful infringement . . . Finally, if the wrongdoer uses its own economic muscle to weaken a plaintiff who has threatened an infringement action, a finding of willfulness might be justified." 427 F.3d at 1274.  Any alleged wrongdoing regarding Defendants' SEC filings do not fall within the definition of willfulness as set forth in *Western Diversified Services, Inc.*  Accordingly, I grant Defendants' Motion in Limine and find that the testimony of A. Carr Conway shall be excluded in Plaintiff's case-in-chief.

In accordance with the foregoing, it is

ORDERED that Defendants' Motion in Limine to Exclude Expert Testimony of A. Carr Conway [Docket # 335] is **GRANTED** and A. Carr Conway's testimony is excluded.

Dated:  June 15, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge